09-2916-ag
Guo v. Holder

BIA
Chew, IJ
A070 578 341
A099 936 087

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of July, two thousand ten.

PRESENT:
 DENNIS JACOBS,
  *Chief Judge,*
 DEBRA ANN LIVINGSTON,
 DENNY CHIN,
  *Circuit Judges.*

_____

ZHEN JIE GUO, YI MEI WANG,
 *Petitioners,*

 v.                                    09-2916-ag
                                       NAC
ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
 *Respondent.*

_____

FOR PETITIONER:      David A. Bredin, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; William C. Minick, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhen Jie Guo and Yi Mei Wang, natives and citizens of the People's Republic of China, seek review of a June 19, 2009, order of the BIA affirming the December 5, 2007, decision of Immigration Judge ("IJ") George T. Chew, pretermitting their applications for asylum and denying their applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zhen Jie Guo, Yi Mei Wang* Nos. A070 578 341, A099 936 087 (BIA June 19, 2009), *aff'g* Nos. A070 578 341, A099 936 087 (Immig. Ct. N.Y. City Dec. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.   Petitioners' Political Opinion Claim**

The agency reasonably determined that petitioners failed to establish a clear probability of future persecution due to their general opposition to Chinese government policy.  Even if subjectively held, petitioners failed to demonstrate that authorities in China are aware or likely to become aware of their opinions.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities"); *Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that, absent solid support in the record for the petitioner's assertion that he would persecuted, his fear was "speculative at best").

**II.  Petitioners' Family Planning Claim**

Substantial evidence also supports the agency's determination that petitioners failed to establish a clear probability of future persecution based on the birth of their two United States citizen children.  We have previously reviewed the BIA's consideration of evidence

3

similar to that which petitioners submitted and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See Jian Hui Shao*, 546 F.3d at 169-72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Nothing in the record compels us to conclude that the BIA ignored the evidence petitioners submitted or the arguments they made, evidence and arguments the BIA is asked to consider time and again. *See Xiao Ji Chen*, 471 F.3d at 338 n.17.

Because petitioners were unable to establish the objective likelihood of persecution needed to make out an asylum claim, they were necessarily unable to establish a clear probability of future persecution or a likelihood of torture. *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d

4

Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk